# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL JUARIQUE RIVAS, | Case No. 1:19-cv-00328-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| WILLIAMS, et al., | FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF CERTAIN CLAIMS AND DEFENDANTS |
| Defendants. | |
| | (ECF No. 12) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Daniel Juarique Rivas ("Plaintiff") is a state prisoner proceeding pro se in this civil rights action under 42 U.S.C. § 1983. Plaintiff's first amended complaint, filed on November 8, 2019, is currently before the Court for screening. (ECF No. 12.)

**I.     Screening Requirement and Standard**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b).

1

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678 (quotation marks omitted); Moss, 572 F.3d at 969.

**II.     Summary of Plaintiff's Allegations**

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California, where the events in the complaint are alleged to have occurred. Plaintiff names the following defendants: (1) Correctional Officer Williams; and (2) Correctional Officer Campos.

Plaintiff alleges he is 67 years old who and is mobility impaired and diabetic, requiring insulin injections twice daily at the medical clinic. Defendants Correctional Officers Williams and Campos are POST trained and fully aware of each inmates' medical conditions and needs and safety concerns. They are familiar by name and assigned housing of each inmate suffering diabetes and are tasked as Prison Housing Unit Officer with releasing only those subjects with diabetes.

On June 29, 2018, Plaintiff awoke due to pain in his legs and feet. His legs were retaining water and swelling, preventing him from walking. It was painful to sit up, his legs were not working, and he could not walk. Because of his condition, Plaintiff knew he needed his diabetic shot. Plaintiff asked another inmate for help, by the fellow inmate going to inform the housing

2

unit officers, Williams and Campos, about his condition. The officers instructed the fellow inmate to take Plaintiff to the medical clinic in a wheelchair to receive his shot. Plaintiff soon felt much better, and Plaintiff was able to slowly put weight on his legs with less bilateral leg/feed neuropathic pain.

That evening, Plaintiff's legs again became swollen with leg and foot pain levels increasing. Plaintiff's legs failed to hold his weight with his "4 wheeled walker," but he was able to make it to evening chow by a shuffling walk. Within an hour after evening chow, Plaintiff legs were swollen and painful and he was unable to walk to the clinic for his second injection. Plaintiff therefore asked a fellow inmate to alert Defendant Williams and inform Williams about Plaintiff's distress and asked if the fellow inmate could take Plaintiff in a wheelchair to the clinic for care. Defendant Williams reportedly told the inmate "no" and that Plaintiff did not need a wheelchair because he could walk. Plaintiff alleges that "Williams statement presenting fact that Williams both knew of Plaintiff's medical condition and by proxy the pain Plaintiff was in as well as his serious medical needs having life threatening involvement." (ECF No. 12 p.9 of 19.)

Plaintiff then attempted to use his walker to get to the clinic for his diabetic injection, but his legs would not function correctly, and he collapsed onto his bunk. Plaintiff asked a different inmate to ask Defendant Campos for help. Plaintiff asked the inmate to tell Defendant Campos about Plaintiff's inability to walk, the pain Plaintiff was suffering and asked for a wheelchair to take Plaintiff to the clinic. Defendant Campos told the inmate that Plaintiff "did not need a wheelchair, he can walk to get his diabetic injection." Defendant Campos was made aware of the pain Plaintiff was suffering and needed his diabetic injection. Plaintiff could not get to the clinic on the evening of June 29, 2018. Plaintiff began to fear for his life knowing that without his diabetic injection he would suffer more neuropathic pain and he could die from diabetic shock or lose consciousness and go into a coma. Plaintiff allegedly feared for his life and other inmates did not know what to do to help because they feared Defendants Williams and Campos would retaliate against them.

The following morning, Plaintiff went to the clinic in a wheelchair to have blood sugar levels tested and discovered his sugar levels were alarming high, indicating development of pre-

diabetic shock.

Plaintiff alleges he had a fall in July 2018 in which he hit his head, shoulder and wrist and became unconscious. Plaintiff attributes some of his ongoing medical issues with missing the injections he missed by the actions of Williams and Campos.

Plaintiff asserts claims for deliberate indifference to serious medical needs and emotional distress. He seeks general and punitive damages.

**III.     Discussion**

**A.     Deliberate Indifference to Serious Medical Needs**

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show (1) a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need, and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

In liberally construing the allegations in the complaint in Plaintiff's favor, which the Court must do at the pleading stage, Plaintiff states a cognizable claim against Defendant Williams and Campos for deliberate indifference to medical need on the evening of June 29, 2018. Liberally construing the allegations, Plaintiff told two different fellow inmates who each told either Williams or Campos about his leg condition and pain and that Plaintiff could not walk and needed

4

his injection.[1] Defendants Williams and Campos would not permit Plaintiff to be wheeled to the clinic, and Plaintiff missed his injection.

Plaintiff complains of delay in treatment. "Mere delay of medical treatment, without more, is insufficient to state a claim of deliberate medical indifference." Robinson v. Catlett, 725 F.Supp.2d 1203, 1208 (S.D. Cal. July 19, 2012) (quoting Shapley v. Nevada Bd. of State Prison Comm'rs, 766 F.2d 404, 407 (9th Cir.1985)). To state a claim for deliberate indifference arising from a delay in treatment, a prisoner must allege that the delay was harmful, although an allegation of substantial harm is not required. McGuckin v. Smith, 974 F.2d 1050, 1060 (9th Cir.1991), overruled on other grounds by, WMX Techs., Inc. v. Miller, 104 F.3d 1133 (9th Cir.1997). In liberally construing the allegations in the complaint in Plaintiff's favor, which the Court must do at the pleading stage, Plaintiff alleges that he suffered harm from the delay in treatment. His blood sugars spiked indicating pre-diabetic shock.

**B.  Intentional Infliction of Emotional Distress**

Under California law, the elements of intentional infliction of emotional distress are: (1) extreme and outrageous conduct by the defendant with the intention of causing, or reckless disregard of the probability of causing, emotional distress; (2) the plaintiff's suffering severe or extreme emotional distress; and (3) actual and proximate causation of the emotional distress by the defendant's outrageous conduct. Corales v. Bennett, 567 F.3d 554, 571 (9th Cir. 2009) (quotation marks omitted); Tekle v. United States, 567 F.3d 554, 855 (9th Cir. 2007). Conduct is outrageous if it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. Corales, 567 F.3d at 571; Tekle, 511 F.3d at 855. Plaintiff's factual allegations regarding his medical treatment and/or lack thereof do support a finding of extreme and outrageous conduct. Accordingly, Plaintiff fails to state a cognizable state law claim for intentional infliction of emotional distress.

---

[1] The Court must accept as true Plaintiff's factual allegations. The Court notes, however, that whether either Defendant Williams or Campos knew of and disregarded an excessive risk to Plaintiff's health and safety will depend on the testimony of two different inmates who may or may not be willing to testify. (See ECF No. 12 p. 10 of 19.) Nevertheless, the Court finds that the factual allegations are sufficient at this point to plausibly state a claim.

Further, the Government Claims Act requires exhaustion of Plaintiff's state law tort claims with the California Victim Compensation and Government Claims Board, and Plaintiff is required to specifically allege compliance in his complaint. Shirk v. Vista Unified Sch. Dist., 42 Cal. 4th 201, 208–09 (Cal. 2007); State v. Superior Court of Kings Cty. (Bodde), 32 Cal. 4th 1234, 1239 (Cal. 2004); Mabe v. San Bernardino Cty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir. 2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir. 1995); Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir. 1988). Plaintiff has failed to allege compliance with the Government Claims Act. Despite being informed of this deficiency, Plaintiff has been unable to cure the deficiency in the amended complaint.

### C. Grievance Process

To the extent that Plaintiff seeks redress because of his difficulties in filing an inmate grievance, he is advised that inmates lack a separate constitutional entitlement to a specific grievance procedure. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (Prisoners do not have a "separate constitutional entitlement to a specific prison grievance procedure.") (citation omitted), cert. denied, 541 U.S. 1063 (2004); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). Therefore, Plaintiff has failed to allege any cognizable § 1983 claim based on any difficulties that he had in filing an inmate grievance.

## IV. Conclusion and Order

Based on the above, the Court finds that Plaintiff's first amended complaint states a cognizable claim against Defendants Williams and Campos for deliberate indifference to medical need on the evening of June 29, 2018, in violation of the Eighth Amendment, but fails to state any other claim. Despite being provided with the relevant pleading and legal standards, Plaintiff has been unable to cure the remaining deficiencies and further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Accordingly, the Clerk of the Court is HEREBY DIRECTED to randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that:

1. This action proceed on Plaintiff's first amended complaint, filed on November 8, 2019, against Defendants Williams and Campos for deliberate indifference to medical need on the evening of June 29, 2018, in violation of the Eighth Amendment;

2. All other claims and defendants be dismissed from this action based on Plaintiff's failure to state claims upon which relief may be granted.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **February 27, 2020**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE