# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. RIVAS,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>WILLIAMS, *et al.*,<br><br>　　　　Defendants. | Case No.  1:19-cv-00328-BAM (PC)<br><br>ORDER GRANTING DEFENDANTS' MOTION TO MODIFY THE DISCOVERY AND SCHEDULING ORDER<br>(ECF No. 30)<br><br>**Exhaustion Motion Deadline: December 4, 2020** |

　　　Plaintiff Daniel J. Rivas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  All parties have consented to United States Magistrate Judge jurisdiction. (ECF Nos. 6, 24.)  This action proceeds against Defendants Williams and Garcia for deliberate indifference to a serious medical need in violation of the Eighth Amendment.

　　　Pursuant to the Court's July 22, 2020 Discovery and Scheduling Order, the deadline for filing motions for summary judgment for failure to exhaust administrative remedies is October 22, 2020.  (ECF No. 28.)

　　　Currently before the Court is Defendants' October 21, 2020 motion to modify the discovery and scheduling order to extend the deadline to file a motion for summary judgment for failure to exhaust administrative remedies until December 4, 2020.  (ECF No. 30.)  Although Plaintiff has not had an opportunity to respond to the motion, the Court finds a response unnecessary and the motion is deemed submitted.  Local Rule 230(l).

　　　Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily

considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

Defense counsel states that good cause exists to modify the scheduling order because Defendants have been diligently preparing their motion for summary judgment based on exhaustion grounds, but still require additional time to review all relevant documents and exhibits to adequately complete that motion. (ECF No. 30.) Defendants state that Plaintiff has filed a voluminous number of appeals with different grievance offices since the time of his incarceration, the totality of which requires additional time to review to determine their relevancy as to the single issue of Plaintiff's exhaustion of his claims against both Defendants. Moreover, defense counsel's caseload has taken necessary time away from the full preparation of Defendants' motion for summary judgment despite her efforts to complete the motion before the current deadline. Defendants request that the current deadline be extended by an additional forty-five days, and that all other deadlines remain in place. (Id.)

Having considered Defendants' request, the Court finds good cause to continue the exhaustion motion deadline in this action. The Court finds that Plaintiff will not be prejudiced by the brief extension requested here, and it will not result in a delay in the prosecution of this case as all other deadlines will remain in place.

Based on the foregoing, Defendants' motion to modify the discovery and scheduling order, (ECF No. 30), is HEREBY GRANTED. Motions for summary judgment for failure to exhaust administrative remedies shall be filed on or before **December 4, 2020**.

IT IS SO ORDERED.

Dated:   **October 22, 2020**            /s/ *Barbara A. McAuliffe*
                                         UNITED STATES MAGISTRATE JUDGE