1

2

3

4

5

6

7

8                    **UNITED STATES DISTRICT COURT**

9                        EASTERN DISTRICT OF CALIFORNIA

10

11   DANIEL J. RIVAS,                          Case No.  1:19-cv-00328-BAM (PC)

12              Plaintiff,                      ORDER GRANTING DEFENDANTS'
                                               SECOND MOTION TO MODIFY THE
13        v.                                    DISCOVERY AND SCHEDULING ORDER

14   WILLIAMS, *et al.*,                        (ECF No. 33)

15              Defendants.                     **Exhaustion Motion Deadline: January 4,
                                               2021**
16

17        Plaintiff Daniel J. Rivas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma*

18   *pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against

19   Defendants Williams and Garcia for deliberate indifference to a serious medical need in violation

20   of the Eighth Amendment.  All parties have consented to United States Magistrate Judge

21   jurisdiction.  (ECF Nos. 6, 24.)

22        Pursuant to the Court's July 22, 2020 Discovery and Scheduling Order, and October 22,

23   2020 order granting Defendants' motion to modify the Discovery and Scheduling Order, the

24   deadline for filing motions for summary judgment for failure to exhaust administrative remedies

25   is December 4, 2020.  (ECF Nos. 28, 32.)

26        Currently before the Court is Defendants' December 4, 2020 second motion to modify the

27   discovery and scheduling order to extend the deadline to file a motion for summary judgment for

28   failure to exhaust administrative remedies until January 4, 2021.  (ECF No. 33.)  Although

1

1   Plaintiff has not had an opportunity to respond to the motion, the Court finds a response

2   unnecessary and the motion is deemed submitted.  Local Rule 230(l).

3          Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and

4   with the judge's consent."  Fed. R. Civ. P. 16(b)(4).  The "good cause" standard "primarily

5   considers the diligence of the party seeking the amendment."  Johnson v. Mammoth Recreations,

6   Inc., 975 F.2d 604, 609 (9th Cir. 1992).  The court may modify the scheduling order "if it cannot

7   reasonably be met despite the diligence of the party seeking the extension."  Id.  If the party was

8   not diligent, the inquiry should end.  Id.

9          Defense counsel states that good cause exists to modify the scheduling order because

10  Defendants have been diligently preparing their motion for summary judgment based on

11  exhaustion grounds, but still require additional time to complete that motion.  (ECF No. 33.)

12  Defense counsel's caseload has taken necessary time away from the full preparation of

13  Defendants' motion for summary judgment, despite her continued efforts to complete the motion

14  after the Court's first extension of the deadline.  Defendants request that the current deadline be

15  extended by an additional thirty days, and that all other deadlines remain in place.  (Id.)

16         Having considered Defendants' request, the Court finds good cause to continue the

17  exhaustion motion deadline in this action.  The Court finds that Plaintiff will not be prejudiced by

18  the brief extension requested here, and it will not result in a delay in the prosecution of this case

19  as all other deadlines will remain in place.

20         Based on the foregoing, Defendants' second motion to modify the discovery and

21  scheduling order, (ECF No. 33), is HEREBY GRANTED.  Motions for summary judgment for

22  failure to exhaust administrative remedies shall be filed on or before **January 4, 2021**.

23

24  IT IS SO ORDERED.

25     Dated:   **December 7, 2020**              /s/ *Barbara A. McAuliffe*

26                                              UNITED STATES MAGISTRATE JUDGE

27

28

                                               2