# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL J. RIVAS,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>WILLIAMS, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-00328-BAM (PC)<br><br>ORDER GRANTING IN PART DEFENDANTS' MOTION TO STAY DISCOVERY AND MODIFY THE DISCOVERY AND SCHEDULING ORDER<br><br>(ECF No. 38) |

**I.    Introduction**

Plaintiff Daniel J. Rivas ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Williams and Garcia for deliberate indifference to a serious medical need in violation of the Eighth Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF Nos. 6, 24.)

On February 18, 2021, following three extensions of time, Defendants filed a motion for summary judgment on the ground that Plaintiff failed to properly exhaust his available administrative remedies.  (ECF No. 37.)  Plaintiff's opposition is currently due on or before March 15, 2021.

On February 24, 2021, Defendants filed a motion to stay all discovery and vacate the remaining deadlines in the Court's Discovery and Scheduling Order pending resolution of the

summary judgment motion. (ECF No. 38.) Pursuant to the Court's July 22, 2020 Discovery and Scheduling Order, the deadline for the completion of all discovery is March 22, 2021, and the deadline for filing all dispositive motions is June 1, 2021. (ECF No. 28.)

Although Plaintiff has not had the opportunity to file a response to Defendants' motion to stay discovery and modify the Discovery and Scheduling Order, the Court finds a response unnecessary. The motion is deemed submitted. Local Rule 230(l).

## II.     Defendants' Motion to Stay Discovery and Vacate Deadlines

Pursuant to Rule 16(b), a scheduling order "may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992). The court may modify the scheduling order "if it cannot reasonably be met despite the diligence of the party seeking the extension." Id. If the party was not diligent, the inquiry should end. Id.

In their motion, Defendants argue that the pending motion for summary judgment for failure to exhaust administrative remedies will potentially dispose of the entire case, as the motion was brought as to Plaintiff's only claim in this action. (ECF No. 38-1.) Defendants further argue that the Court can rule on Defendants' exhaustion motion without additional discovery, because Defendants' motion includes sufficient information about Plaintiff's grievance history and his failure to exhaust his claim in this case, and because Plaintiff has equal access to his own grievance documents and so will not need additional discovery as to the exhaustion issue. Finally, Defendants argue that good cause exists to vacate the discovery and dispositive motion deadlines pending resolution of the exhaustion motion because if the motion is granted, the entire case will be dismissed, and it would be a waste of resources for the parties to have to engage in discovery and other motion practice before the exhaustion motion is decided. (Id.)

Having considered Defendants' moving papers, the Court finds good cause to grant the motion, in part. The Court finds it appropriate to stay merits-based discovery and to vacate the discovery and dispositive motion deadlines in this action. Defendants have been diligent in filing the dispositive motion, and it would be a waste of the resources of the Court and the parties to

2

require the preparation of potentially unnecessary merits-based discovery or the filing of unnecessary dispositive motions.

**However, to the extent Plaintiff has served discovery requests relating to the issue of exhaustion of administrative remedies, Defendants are not relieved of their existing obligation to timely respond to those requests**.  Given that Plaintiff has not had the opportunity to respond to Defendants' motion to stay all discovery in this action, the Court finds it appropriate to require Defendants to complete any outstanding discovery requests related to the exhaustion issue, as required by the Court's Discovery and Scheduling Order.  Although Defendants argue that no further information is needed for the Court to decide the exhaustion motion, Plaintiff may well disagree.

Finally, the Court finds that Plaintiff will not be prejudiced by the relief requested, as the Court will reset the applicable deadlines, if necessary, following a ruling on the pending motion.

### III.   Order

Based on the foregoing, IT IS HEREBY ORDERED as follows:

1. Defendants' motion to stay discovery and modify the discovery and scheduling order, (ECF No. 38), is GRANTED IN PART, as discussed above;
2. All merits-based discovery is STAYED, as discussed above;
3. The discovery and dispositive motion deadlines are VACATED;
4. Plaintiff's opposition to the motion for summary judgment remains due on or before **March 15, 2021**; and
5. As necessary and appropriate, the Court will reset the deadlines following resolution of the pending motion for summary judgment for failure to exhaust administrative remedies.

IT IS SO ORDERED.

Dated:   **February 25, 2021**         /s/ Barbara A. McAuliffe
                                        UNITED STATES MAGISTRATE JUDGE