1
2
3
4
5
6
7

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

10

11  DANIEL J. RIVAS,

12              Plaintiff,

13        v.

14  WILLIAMS, *et al.*,

15              Defendants.

16

17

| | |
|---|---|
| Case No.  1:19-cv-00328-BAM (PC) | |

ORDER DISMISSING ACTION, WITH PREJUDICE, FOR FAILURE TO PROSECUTE AND FAILURE TO OBEY COURT ORDER

(ECF No. 40)

18        Plaintiff Daniel J. Rivas ("Plaintiff") is a state prisoner proceeding *pro se* in this civil

19  rights action pursuant to 42 U.S.C. § 1983.  This action proceeds against Defendants Williams

20  and Garcia for deliberate indifference to a serious medical need in violation of the Eighth

21  Amendment.  All parties have consented to United States Magistrate Judge jurisdiction.  (ECF

22  Nos. 6, 24.)  For the reasons that follow, the Court orders that this action be dismissed, with

23  prejudice.

24  **I.    Background**

25        On February 18, 2021, Defendants filed a motion for summary judgment on the ground

26  that Plaintiff failed to properly exhaust his available administrative remedies.  Fed. R. Civ. P. 56.

27  (ECF No. 37.)  Plaintiff was provided with notice of the requirements for opposing a motion for

28  summary judgment. *Woods v. Carey*, 684 F.3d 934 (9th Cir. 2012); *Rand v. Rowland*, 154 F.3d

952, 957 (9th Cir. 1988); *Klingele v. Eikenberry*, 849 F.2d 409, 411–12 (9th Cir. 1988). (ECF No. 37-1.) Plaintiff's opposition or statement of non-opposition was therefore due on or before March 15, 2021.

On March 30, 2021, the Court ordered Plaintiff to show cause within twenty-one (21) days why this action should not be dismissed, with prejudice, for Plaintiff's failure to prosecute. (ECF No. 40.) Plaintiff was provided the opportunity to comply with the Court's order by filing an opposition or statement of non-opposition to the motion for summary judgment. Plaintiff was warned that failure to comply with the Court's order would result in dismissal of this matter, with prejudice, for failure to prosecute. (*Id.* at 2.) Plaintiff has failed to submit any response to Defendants' motion for summary judgment and has not otherwise communicated with the Court.

## II. Discussion

Local Rule 110 provides that "[f]ailure . . . of a party to comply with these Rules or with any order of the Court may be grounds for imposition by the Court of any and all sanctions . . . within the inherent power of the Court." District courts have the inherent power to control their dockets and "[i]n the exercise of that power they may impose sanctions including, where appropriate, . . . dismissal." *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or failure to comply with local rules. *See, e.g.*, *Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir. 1995) (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir. 1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130–33 (9th Cir. 1987) (dismissal for failure to comply with court order).

In determining whether to dismiss an action, the Court must consider several factors: (1) the public's interest in expeditions resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions. *Henderson v. Duncan*, 779 F.2d 1421, 1423 (9th Cir. 1986); *Carey v. King*, 856 F.2d 1439 (9th Cir. 1988).

///

2

Here, the action has been pending for more than two years, and Plaintiff's response or opposition to Defendants' motion for summary judgment is overdue. Plaintiff is obligated to comply with the Local Rules and was informed by Defendants of the need to oppose a motion for summary judgment. Despite Plaintiff's duty to comply with all applicable rules and Defendants' notice, Plaintiff did not file a proper opposition. Plaintiff remained incommunicative after an order from this Court to show cause why this action should not be dismissed. The Court cannot effectively manage its docket if a party ceases litigating the case. Thus, both the first and second factors weigh in favor of dismissal of this action.

The third factor, risk of prejudice to defendant, also weighs in favor of dismissal, because a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. *Anderson v. Air W.*, 542 F.2d 522, 524 (9th Cir. 1976). Because public policy favors disposition on the merits, the fourth factor usually weighs against dismissal. *Pagtalunan v. Galaza*, 291 F.3d 639, 643 (9th Cir. 2002). However, "this factor lends little support to a party whose responsibility is to move a case toward disposition on the merits but whose conduct impedes progress in that direction," which is the case here. *In re Phenylpropanolamine (PPA) Prods. Liab. Litig.*, 460 F.3d 1217, 1228 (9th Cir. 2006).

Finally, the Court's warning to a party that failure to obey the Court's order will result in dismissal satisfies the "considerations of the alternatives requirement." *Ferdik*, 963 F.2d at 1262; *Malone*, 833 at 132–33; *Henderson*, 779 F.2d at 1424. The Court's March 30, 2021 order to show cause expressly warned Plaintiff that his failure to comply with the Court's order would result in the dismissal of this matter, with prejudice, for failure to prosecute. (ECF No. 40, p. 2.) Thus, Plaintiff had adequate warning that dismissal of this action could result from his noncompliance. At this stage in the proceedings there is little available to the Court which would constitute a satisfactory lesser sanction while protecting the Court from further unnecessary expenditure of its scarce resources. Although Plaintiff is not proceeding *in forma pauperis* in this action, he remains incarcerated and unresponsive to the Court's orders, making monetary sanctions of little use. Further, the preclusion of evidence or witnesses is likely to have no effect given that Plaintiff has ceased litigating this case.

In summary, Plaintiff is no longer prosecuting this action, and the Court cannot afford to expend resources resolving unopposed dispositive motions in a case which Plaintiff is no longer prosecuting.

**III.     Conclusion and Order**

Accordingly, the Court finds that dismissal is the appropriate sanction and this action is HEREBY DISMISSED, with prejudice, for failure to prosecute and for failure to obey a court order.  The Clerk of the Court is directed to enter judgment accordingly, terminate all pending motions, and close this case.

IT IS SO ORDERED.

Dated:   **May 10, 2021**                          /s/ *Barbara A. McAuliffe*
                                                                UNITED STATES MAGISTRATE JUDGE